IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DONNY LUMMUS, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:24-cv-168-JDK |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § § § | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

This case arises out of a health insurance policy provided by Defendant Blue Cross Blue Shield of Texas to Plaintiff Donny Lummus. Docket No. 13. Lummus alleges that Blue Cross breached the policy by failing to pay for medically necessary treatment and also violated Texas insurance and consumer protection laws in handling his claim.

Before the Court is Blue Cross's motion to dismiss Lummus's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Docket Nos. 19; 22. As explained below, the motion to dismiss is granted in part and denied in part.

I.

The following facts are taken as true from the amended complaint. *See Thruman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 955 (5th Cir. 2020).

1

Lummus is insured by Blue Cross. Docket No. 13 ¶ 4. Lummus was initially diagnosed with prostate cancer in 2018 and then again in 2021. *Id.* During the reoccurrence, his treating physicians decided that proton beam therapy ("PBT") provided the "best outcome" for his case. *Id.*

In the summer of 2022, Lummus began the authorization process with Blue Cross as detailed in the contract entered into by both parties. *Id.* Blue Cross denied coverage for PBT on the grounds that it was not "medically necessary." *Id.* ¶ 5. Lummus subsequently appealed the decision with a ten-page response from his treating physicians citing "numerous studies showing why this particular treatment was medically necessary in Plaintiff's specific case." *Id.* The appeal went to a third party—the Medical Review Institute of America ("MRIA"). *Id.*

On appeal, the MRIA upheld Blue Cross's decision with a "generic response" based on the same reasoning. *Id.* MRIA based its decision on "a standard in a manual produced by a company, AIM (who is now Carelon)," a "related company" to Blue Cross. *Id.* Lummus alleges that the MRIA did not "actually" investigate the claim and that its reference to a standard manual produced by a company related to Blue Cross breached the independent appeal process guaranteed by the insurance policy. *Id.* ¶¶ 5, 9.

Despite the denial, Lummus underwent the treatment and was ultimately declared cancer-free. *Id.* ¶ 6. He incurred $97,531.99 in expenses, which he seeks from Blue Cross under the policy. *Id.* ¶ 14.

## II.

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Thurman*, 982 F.3d at 955 (citation omitted). Such "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must "make relief plausible, not merely conceivable, when taken as true," *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that the plaintiff specify the particulars of time, place, and contents of the false representations," *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (cleaned up), by alleging the "who, what, when, where, and how," *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

## III.

Lummus brings claims for (A) breach of contract, (B) violations of the Texas Insurance Code ("TIC"), and (C) violations of the Texas Deceptive Trade Practices Consumer Protection Act ("TDTPA"). Blue Cross moves to dismiss all claims under

3

Rule 12(b)(6) and the TDTPA claims under Rule 9(b). Docket No. 22 at 7–13. The Court addresses each in turn.

### A.

Blue Cross first seeks dismissal of Lummus's breach of contract claim. *Id.* at 7–9. Lummus alleges that Blue Cross's refusal to pay for its portion of the PBT treatment constitutes a breach of the policy. Docket No. 13 ¶ 8–9.

To state a claim for breach of contract under Texas law, a plaintiff must allege "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca,* 545 S.W.3d 479, 501 n.21 (Tex. 2018).

Here, Lummus alleges the existence of a contract between the parties. Docket No. 13 ¶¶ 4, 8. He further alleges that Blue Cross breached the insurance policy by arbitrarily determining that PBT was not medically necessary despite medical documentation stating otherwise and by failing to provide a truly independent appeal process. *See id.* ¶¶ 8–9. Lummus states that this breach resulted in $97,531.99 in damages. *Id.* ¶ 14. Thus, Lummus adequately alleges a breach of contract claim. *See Menchaca,* 545 S.W.3d at 501 n.21.

Blue Cross's arguments to the contrary are improper at this stage. It asks the Court to resolve the factual issues of whether the PBT was "medically necessary" and whether Blue Cross failed to provide a fully independent review. Docket No. 22 at 7–

9. The Court may not do so. *See Terex Corp. v. Cubex Ltd.*, 2006 WL 3542706, at \*13 (N.D. Tex. Dec. 7, 2006) (denying a motion to dismiss where "the challenge to the breach of contract claims require the court to engage in factual determinations and because such determinations are inappropriate on a Rule 12(b)(6) motion to dismiss"); *Pearson v. Gage*, 2023 WL 6149155, at \*7 (N.D. Tex. Sept. 19, 2023) (explaining that "[a]t the motion to dismiss stage, the Court is not concerned with deciding factual disputes").

Accordingly, Blue Cross's motion to dismiss Lummus's breach of contract claim is **DENIED**.

**B**.

Blue Cross next seeks dismissal of Lummus's Texas Insurance Code claims. Docket No. 22 at 9–10. Specifically, Lummus alleges that Blue Cross is liable for "its Bad Faith Claims process" under Texas Insurance Code § 541.060, § 542.056, and § 542.058. Docket No. 13 ¶ 11. The Court addresses each in turn.

**1**.

Texas Insurance Code § 541.060 prohibits "unfair settlement practices with respect to a claim by an insured or beneficiary." TEX. INS. CODE § 541.060(a). Section 541.060(a) enumerates several unfair practices constituting a violation, such as "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" or failing to promptly provide a reasonable basis for denial of a claim. *Id.* § 541.060(a)(2)(A), (3).

Lummus alleges that Blue Cross did not attempt in good faith to fairly resolve his claim. For example, Lummus says he received only a "generic denial" to his PBT treatment. Docket No. 13 ¶ 5. He then alleges that he appealed with a ten-page response "citing to numerous studies showing why [PBT] was medically necessary" for him, including a "detailed explanation" from his treating physicians. *Id.* Lummus alleges that his "thoughtful appeal was met with another generic response." *Id.* Lummus further alleges that the third-party review by the MRIA was not fully independent because its only reasoning for denial was based a reference to a standard manual produced by a company "related to" Blue Cross. *Id.* These allegations sufficiently plead a plausible claim under § 541.060. Blue Cross presents no persuasive argument to the contrary.

Accordingly, Blue Cross's motion to dismiss Lummus's § 541.060 claim is **DENIED**.

### 2.

Texas Insurance Code § 542.056 requires that insurers provide written notice of the rejection of a claim and the reasons for doing so within 15 business days of receiving all required materials. TEX. INS. CODE § 542.056(a), (c).

Lummus fails to allege how Blue Cross violated § 542.056. He does not allege that Blue Cross failed to provide any reason for rejecting his claim or that it failed to provide timely notice. In fact, Lummus does not allege when Blue Cross issued its determination. *See Sanchez v. Allstate Vehicle & Prop. Ins. Co.*, 2021 WL 5636695, at *6 (S.D. Tex. Dec. 1, 2021) (dismissing a § 542.056 claim where, among other

things, the plaintiff failed to allege "when Defendant issued its determination"). Thus, Lummus has not adequately stated a claim under § 542.056.

Accordingly, Blue Cross's motion to dismiss is **GRANTED** on this ground, and Lummus's § 542.056 claim is **DISMISSED**.

**3.**

Texas Insurance Code § 542.058(a) states that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for . . . more than 60 days, the insurer shall pay damages."

Lummus alleges that he "complied with the requirements in § 542.058" and provided written notice of his claims to Blue Cross on November 16, 2023. Docket No. 13 ¶ 11. Thus he sufficiently alleges that Blue Cross has delayed in paying his claim after receiving the relevant materials, which is all the statute requires. *See Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 561 (S.D. Tex. 2012) (denying a motion to dismiss a § 542.058 claim because the statute "considers only late payment, which Plaintiffs have alleged sufficiently"), *aff'd sub nom. Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014); *cf. also Sanchez*, 2021 WL 5636695, at *6 (dismissing a § 542.058 claim where the plaintiff "wholly fail[ed] to allege when he (or even that he) transmitted all items, statements, and forms"). Again, Blue Cross raises no argument that calls this conclusion into doubt.

Accordingly, Blue Cross's motion to dismiss Lummus's § 542.058 claim is **DENIED**.

7

## C.

Blue Cross lastly seeks dismissal of Lummus's TDTPA claims. Docket No. 22 at 10–13. Lummus specifically alleges that Blue Cross violated Texas Business and Commerce Code § 17.46(b)(12) and (24). Docket No. 13 ¶ 12.

Section 17.46(b)(12) makes it unlawful to "represent[] that an agreement confers or involves rights, remedies, or obligations which it does not have or involve." And § 17.46(b)(24) makes it unlawful to "fail[] to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction" that they would not have otherwise entered.

Lummus fails to sufficiently plead a claim under either provision. Lummus alleges that Blue Cross "engaged in multiple false, misleading and deceptive acts or practices, as well as unconscionable actions and courses of actions and breaches of warranty." Docket No. 13 ¶ 12. But that conclusory statement is devoid of any factual allegations. Lummus fails to allege any misrepresentation that Blue Cross made about the insurance policy, as required by § 17.46(b)(12). *See Partain*, 838 F. Supp. 2d at 563 (dismissing a § 17.46(b)(12) claim because the plaintiffs failed to allege that the defendant "ever represented that the policies had characteristics or involved rights which they do not have or involve"); *Ears & Hearing, P.A. v. Blue Cross & Blue Shield of Tex.*, 2019 WL 3557349, at *6 (W.D. Tex. Aug. 5, 2019) (explaining that § 17.46(b)(12) requires alleging "a misrepresentation with respect to the terms of that agreement"), *report and recommendation adopted*, 2019 WL

6037271 (W.D. Tex. Sept. 17, 2019). Nor does he allege that Blue Cross failed to disclose any information known at the time the parties entered the contract, as required by § 17.46(b)(24). *See Partain*, 838 F. Supp. 2d at 563 (dismissing a § 17.46(b)(24) claim because the plaintiffs failed to allege "any failure by [the defendant] to disclose information known at the time that the parties transacted").

Other courts, moreover, have applied Rule 9(b)'s heightened pleading standard to claims under § 17.46(b)(12) and (24). *See, e.g.*, *Ears & Hearing*, 2019 WL 3557349, at *7. Even if Lummus's allegations could be construed to include a misrepresentation by Blue Cross, it would still fail to allege the "who, what, when, where, and how" required under Rule 9(b). *See Melder*, 27 F.3d at 1100 n.5.

Thus, Blue Cross's motion is **GRANTED** on this ground, and Lummus's TDTPA claims are **DISMISSED**.

### IV.

Accordingly, Blue Cross's motion to dismiss (Docket Nos. 19; 22) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Blue Cross's Texas Insurance Code § 542.056 claim and TDTPA claims, which are **DISMISSED**. The motion is **DENIED** on all other grounds.

So **ORDERED** and **SIGNED** this **12th** day of **June, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE